RECORD NO. 14-4314

═══════════════════════════════════════

*In The*

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## FELIPE SANCHEZ,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT GREENBELT

───────────

## BRIEF OF APPELLANT

───────────

**Elita C. Amato**
**LAW OFFICE OF ELITA C. AMATO**
**1600 Wilson Boulevard, Suite 205**
**Arlington, Virginia  22209**
**(703) 522-5900**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

JURISDICTIONAL STATEMENT .......................................................................1

STATEMENT OF ISSUES PRESENTED..............................................................1

STATEMENT OF THE CASE ..............................................................................1

    1.    Procedural History......................................................................1

        a.    First Revocation Hearing ........................................2

        b.    Second Revocation Hearing.....................................3

    2.    Facts Surrounding the Revocations...........................................3

        a.    First revocation hearing...........................................3

        b.    Second Revocation hearing......................................5

SUMMARY OF THE ARGUMENT......................................................................8

ARGUMENT .......................................................................................................9

    The District Court Imposed a Plainly Unreasonable Sentence
    By Not Addressing the 18 U.S.C. § 3553(a) factors, nor the
    Chapter 7 policy, nor the arguments put forth by Sanchez
    through his counsel..........................................................................9

        A.    Standard of Review ..................................................9

        B.    Argument...................................................................9

i

CONCLUSION ................................................................................................. 17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ....................... 16

*United States v. Boulware*,
    604 F.3d 832 (4th Cir. 2010) ......................................................... 17

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ......................................................... 16

*United States v. Crudup*,
    461 F.3d 433 (4th Cir. 2006) ..................................................9, 16-17

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ......................................................... 10

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) .................................................. 10, 11

*United States v. Powell*,
    650 F.3d 388 (4th Cir. 2011) ......................................................... 10

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) ......................................................... 16

## STATUTES

18 U.S.C. § 912 ............................................................................... 1

18 U.S.C. § 912(b) .......................................................................... 1

18 U.S.C. § 3553 ............................................................................ 10

18 U.S.C. § 3553(a) ................................................................*passim*

18 U.S.C. § 3553(a)(1)................................................................................. 9

18 U.S.C. § 3553(a)(2)(B)............................................................................ 9

18 U.S.C. § 3553(a)(2)(D)............................................................................ 9

18 U.S.C. § 3553(a)(4)................................................................................. 9

18 U.S.C. § 3553(a)(5)................................................................................. 9

18 U.S.C. § 3553(a)(6)................................................................................. 9

18 U.S.C. § 3553(a)(7)................................................................................. 10

18 U.S.C. § 3583(e) ....................................................................... 1, 8, 9, 11

18 U.S.C. § 3593(e) ..................................................................................... 9

18 U.S.C. § 3742 ......................................................................................... 1

28 U.S.C. § 1291 ......................................................................................... 1

## **GUIDELINE**

*U.S. Sentencing Guidelines Manual Ch. 7* (2014)................................... 12

## JURISDICTIONAL STATEMENT

The district court had jurisdiction in this case under 18 U.S.C. § 3583(e). This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The judgment on violation of supervised release was filed on April 4, 2014. Joint Appendix (hereinafter "J.A.") at 80. Mr. Sanchez filed a timely notice of appeal on April 11, 2014 from the district court's final order. (J.A. 86).

## STATEMENT OF ISSUES PRESENTED

Whether the district court imposed a plainly unreasonable sentence when it imposed a period of 6 months imprisonment after revoking appellants supervised release.

## STATEMENT OF THE CASE

### 1. Procedural History

On January 22, 2013, Mr. Sanchez was sentenced by district court to a term of two years unsupervised probation on his conviction for impersonating an officer or employee of the United States, namely a United States Deputy Marshal. 18 U.S.C. § 912(b). (J.A. 22). The recommended United States Guideline Range was between 0-6 months. The statutory maximum Mr. Sanchez faced was up to three years imprisonment. 18 U.S.C. § 912.

All general conditions of probation were imposed, as were the standard conditions of supervision.  (J.A. 22).  Additionally, as part of the sentence, the district court ordered Mr. Sanchez pay restitution in the amount of $2.091.00, a fine of $1000.00 and a special assessment court cost of $100.00.  (J.A. 22).

### a.    First Revocation Hearing

On April 9, 2013, the probation office filed with the court a Notice of Violation and a Petition of Violation.  (J.A. 87, 89).  On April 11, 2013, the arrest warrant was executed and Mr. Sanchez was presented before the court.  On the same date, the magistrate judge ordered the detention of Mr. Sanchez pending resolution of the violation on probation hearing. The probation hearing was continued several times.

Finally on September 5, after having been incarcerated for approximately five months, the violation hearing was held.  During the hearing, Sanchez and the government agreed to which alleged violations to accept and which would be dismissed.  (J.A. 42-44).  After hearing the agreed upon violations and the arguments on both sides, the district court sentenced Mr. Sanchez to 6 months on the violations.  (J.A. 62). With the six month period of incarceration imposed, Mr. Sanchez had approximately one additional month to serve.  (J.A. 49).  He was ordered

2

to comply with conditions of supervised release for a period of six months. (J.A. 62).  The same previously imposed conditions of supervision were imposed.  (J.A. 62).

### b.    Second Revocation Hearing

On January 23, 2014, the probation office again notified the district court of violations of supervised release and requested the arrest of Mr. Sanchez.  (J.A. 95, 98).  On February 12, 2014, Mr. Sanchez had an initial appearance however, this time he was not detained pending the violation hearing.  On April 3, 2014, a hearing on the violations were held.  The court found Mr. Sanchez in violation of some of the alleged violations and again imposed a sentence of a six month period of incarceration.  (J.A. 80).   The court terminated any further supervised release.  (J.A. 80).  On April 11, 2014, Mr. Sanchez timely filed his notice of appeal.  (J.A. 86).

### 2.    Facts Surrounding the Revocations

### a.    First revocation hearing

The initial violations that brought Mr. Sanchez before the court for the initial revocation hearing were broken down into six violations. They included the following violations:  positive urine sample given on February 7, 2013 (first); failure to report for random urinalysis on

3

February 13, 2013, March 13, March 16, 2013 and April 6, 2013

(second); new arrest for driving motor vehicle on a suspended license

(third); failure to pay child support which caused license to be

suspended (fourth); new arrest for criminal offenses in Maryland state

court(five); not providing probation officer truthful information

regarding the last use of cocaine (six).  (J.A. 87, 89).

Mr. Sanchez requested that the revocation hearing trail the

resolution of his new criminal offense in Maryland state court (fifth

violation).  However, because Maryland officials continued to not bring

Mr. Sanchez to court for his state court hearings, that case kept being

continued.  Finally on September 5, 2013, Mr. Sanchez decided to

proceed with the revocation hearing before the district court even

though, his lower state court case had not been resolved.  (J.A. 40-41).

During this revocation hearing on September 5, 2013, the

government dismissed violations  two, three, four, and six.  Mr. Sanchez

admitted to the positive drug test (first allegation), and to allegation

number five that he committed a new offense.  The new offense was

before Maryland state court.  For purposes of the revocation hearing,

Mr. Sanchez agreed to having committed the offense of impersonating a

police officer, a similar offense to which he plead in his underlying case.
(J.A. 42, 44).

Based upon the Maryland state misdemeanor criminal conduct,
the violation was characterized as a grade B level under the guidelines.
(J.A. 45, 93). Mr. Sanchez' criminal history was a level I. (J.A. 93). Thus
the recommended guideline range was between four to ten months.
(J.A. 45). As Mr. Sanchez had been held by the district court since his
initial appearance on the revocation hearing, he had already served
approximately five months incarceration. (J.A. 49). The district court
sentenced him to six months on the violations, requiring he serve an
additional one month of imprisonment. (J.A. 59). Mr. Sanchez did not
appeal the sentence imposed.

### b.    Second Revocation hearing

On February 12, 2014, Mr. Sanchez was brought before the
district court to address allegations that he violated his supervised
release. These violations included a positive drug test for cocaine on
December 9, 2013, and January 17, 2014; denial by the defendant of
cocaine use relative to those dates; failure to report for urinalysis on
November 9, and 18, 2013, as well as failure to report for substance
abuse counseling on November 19, 2013; failure to make payments

towards restitution and the fine for the months of November 2013, December 2013, and January 2014. (J.A. 95). This time Mr. Sanchez was facing a grade C level rather than a B level violation and criminal history category I, for a recommended guideline range of three to nine months. (J.A. 77, J.A. 97A).

During the revocation hearing Mr. Sanchez did not contest the positive drug test results of December 9, 2013, and January 17, 2014. (J.A. 71). He admitted that he initially denied cocaine use even though he had used cocaine and agreed that he had failed to report for urinalysis on November 9, and 18, 2013. (J.A. 71). He did however, object to the finding that he did not pay restitution as ordered, as since the filing of the violation, he became current with the restitution and fine payments. (J.A. 71).

Mr. Sanchez urged the court to sanction Mr. Sanchez with home confinement with work release and if any jail time was imposed that it be served on the weekends only, as he was employed. (J.A. 72). Pay stubs to confirm that he was currently working were presented to the court. (J.A. 72). Mr. Sanchez through counsel also explained that now that Mr. Sanchez was working, he was not using drugs and was in compliance with his conditions. (J.A. 73). It was highlighted to the court

6

that the last positive drug test was January 17, 2014, three months

prior, and that the last failure to report was back in November 2013.

(J.A. 72). Hence, it was pointed out that Mr. Sanchez was back on track

with his supervision. (J.A. 72-73).

The government urged the court sentence Mr. Sanchez to six

months incarceration. (J.A. 73). The government reminded the district

court that it threatened Mr. Sanchez with jail time at the time of initial

sentencing hearing if he incurred "even one hiccup such as a positive

drug test or a missing counseling session." (J.A. 73). The prosecution

then informed the court that Mr. Sanchez failed to provide a monthly

report in February; on March 8, appeared late for a urinalysis

appointment and failed to provide a sample; and that on that same visit

Mr. Sanchez blew a .018 on a breathalyzer test which "is not a large

amount but is still a positive test," and failed to provide employment

verification prior to the court hearing. (J.A. 74).

In response, Mr. Sanchez through counsel urged the court to not

impose six months as it would be a waste of "resources to imprison him

for six months at this point." (J.A. 76). An explanation for the inability

to provide a urine sample was given, namely, that Mr. Sanchez had been

ill. (J.A. 75). It was further explained to the court as well that he had

been taking over the counter medications which may have caused his low positive breathalyzer result. (J.A. 75). Again it was reiterated that Mr. Sanchez was now performing better on supervision and that the drug program that he was attending was clearly helping as there had been no recent positive results. (J.A. 76).

The district court found Mr. Sanchez to be in violation of the first three violations and accepted his denial on the last violation for restitution payment which the government was also not pursuing. (J.A. 76). The court stated that because "taking into account his prior history of being in front of me for other violations, that a low end of that would not be appropriate." (J.A. 77). The court accepted the government's recommendation and sentenced Mr. Sanchez once again to 6 months.

Mr. Sanchez appealed. (J.A. 86).

## SUMMARY OF THE ARGUMENT

The district court imposed a plainly unreasonable sentence in this case. The court did not review any of the 18 U.S.C. § 3553(a) factors as required pursuant to 18 U.S.C. § 3583(e). Nor did the court consider the U.S. Sentencing Guidelines Chapter 7 policy statement that the sentence imposed should be primarily for a breach of trust. The sentence was imposed without the court addressing any of Mr. Sanchez' arguments as

8

to why a lower sentence was appropriate.  For these reasons Mr.

Sanchez respectfully requests that his sentence be vacated.

## ARGUMENT

**The District Court Imposed a Plainly Unreasonable Sentence By Not Addressing the 18 U.S.C. § 3553(a) factors, nor the Chapter 7 policy, nor the arguments put forth by Sanchez through his counsel**

### A.    Standard of Review

This Court reviews a sentence imposed upon revocation of

supervised release to determine whether the sentence is plainly

unreasonable.  *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

In making that determination, this Court first decides whether the

sentence is unreasonable.  *Id.* at 438.

### B.    Argument

The sentence imposed during the revocation hearing is

procedurally and substantially unreasonable.  The district court did not

review the 18 U.S.C. § 3553(a) factors what so ever in explaining why it

imposed the six month period of incarceration.  See 18 U.S.C. § 3583(e).

18 U.S.C. § 3593(e) instructs a court to consider "the factors set forth in

sections 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)(5), (a)(6) and

9

(a)(7)…"[1]  Although, the district court is not required to "robotically tick

through § 3553(a)'s every subsection," *United States v. Powell*, 650 F.3d

388, 395 (4th Cir. 2011) (internal quotation marks omitted)(citations

omitted), the court must conduct an "individualized assessment

justifying the sentence imposed and rejection of arguments for a higher

or lower sentence based upon 3553."  *United States v. Lynn*, 592 F.3d

572, 584 (4th Cir. 2010) (internal quotation marks omitted).

Here the record is devoid of such analysis.  A court must "provide

a sufficient explanation so that we may effectively review the

reasonableness of the sentence."  *United States v. Montes-Pineda*, 445

F.3d 375, 380 (4th Cir. 2006).  "That explanation should also provide us

an assurance that the sentencing court considered the 3553(a) factors

with regard to the particular defendant before him, and also considered

---

[1] The cross-referenced § 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) "the need for the sentence imposed … to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and " to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and (6) "the need to provide restitution to any victims of the offense."

any potentially meritorious arguments raised by the parties with regard to sentencing." *Id*.

The district court never even mentioned sections 3553(a) or 3583(e). In contrast to this hearing, in the first revocation hearing, the court did address some of the 3553(a) factors. In that hearing the court mentioned that he was "required to impose a sentence that will promote respect for the law and afford adequate deterrence." (J.A. 58). In that previous hearing, the court found that the defendant had not been deterred as he committed a crime against the towing truck company by claiming to be a police officer and the incident could have gotten "ugly had the company challenged his claim." (J.A. 57). The court stated further "I believe that in terms of the factor of kinds of sentences available, that incarceration is required, and he, of course, has been serving the time. And I think those are all the factors I really need to address." (J.A. 58).

Neither of these factors was even mentioned by the district court at the sentencing in the second revocation hearing. There was neither an acknowledgement that any of the 3553(a) factors should be considered, nor any explanation which would make it appear that such factors, although not mentioned, had come into the sentencing equation.

11

The violations in question all related to appellant's substance abuse, yet the court did not address this nor recommend any continued substance abuse treatment during the period of incarceration imposed, a § 3553(a) factor.  (J.A. 80).

The analysis the court used when discussing those factors in the first hearing would not have applied or continued so to speak, to this second revocation hearing either.  During the second hearing, appellant was not incarcerated at the time of this second hearing, nor had he committed a crime of claiming to be a police officer.  Thus a completely new and independent § 3553(a) assessment was required and should have been undertaken.

Additionally, the district court did not consider the Chapter 7 advisory policy statement.  The sentence was thus substantially unreasonable.  Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  *U.S. Sentencing Guidelines Manual Ch. 7*, pt. A(3)(b) (2014).  In the previous hearing, when discussing the policy statement, the district court addressed in particular Sanchez' violation of committing a new criminal

12

offense.[2]  (J.A. 57-58).  Here again, in great contrast to the previous revocation hearing in which the court mentioned this policy statement and tied the sentence specifically to that policy statement,[3] there was no mention made of the defendant's breach of trust as the factor behind the court's imposition of the six month sentence.  (J.A. 76-77).

The sentence imposed in this second hearing was not tailored at all to the violation conduct in question.  This second set of violations was less serious than the violations Mr. Sanchez agreed to during the first revocation hearing.  In that first hearing he admitted to having committed another criminal offense quite similar in nature to that which he plead guilty to in the underlying conviction, namely, impersonating law enforcement.  Because of that new charge, in the first revocation, he faced a Grade B violation with a higher guideline range of

---

[2] "So I want to make it very plain that my disposition of this case is not punishment for impersonating a police officer.  It's punishment for the breach of trust in doing that.  And what punishment the state court wishes to impose for that is entirely independent and separate from the breach of trust committed by him in relation to the matters in this court."  (J.A. 57-58).

[3] In the previous hearing the district court quoted from Chapter 7 of the guidelines that "at revocation, the court should sanction primarily the defendant's breach of trust…"  The court there stated "[i]t's punishment for the breach of trust in doing that…;" "… a sentence like this is pronounced because of the breach of the trust.  He made agreements to do certain things as conditions of his probation.  He breached the trust.  And that is what he is being punished for." (J.A. 58).

13

four to ten months.  During the second revocation hearing, no new

criminal charges had been alleged but rather the violations related to

two positive drug tests, the last one being three months prior to the

hearing, an initial denial of drug use, two missed drug tests back in

November 2013, and a missed substance abuse meeting.  Those

violations scored a lower Grade C level, with a recommended range of

three to nine months.  (J.A. 97A).

     It is unfathomable how these lesser violations would warrant the

exact same sentence the court imposed previously for the more serious

violation.  Particularly since in the previous revocation hearing, the

judge made it quite clear how troubled he was by Mr. Sanchez doing

"exactly the same thing over and over again" of impersonating law

enforcement.  (J.A. 57).  The district court expressed great concern with

"people walking around pretending to be police officers or U.S.

Marshals."  (J.A. 57).  In sum the district court stated that in that

previous hearing "it's quite serious when one not only violates

conditions of supervision.  But violates supervision in doing the exact

same thing that brought them before the court in the first place."  (J.A.

58).  Hence, the court had clearly expressed the need to impose the six

month sentence in that earlier hearing for someone who committed a

new crime which was basically the same as the underlying crime. The court reiterated that such activity was very serious and one for which a sentence of six months was warranted.

In juxtaposition to that prior revocation hearing, the second hearing involved no violation on par with that previous violation. These new violations were rather all related to Sanchez' drug use and conditions pursuant to drug testing and counseling. Most significantly, these infractions were no longer incurring. The last missed counseling session was back in November, the last positive drug test in January. It is reasonable to expect that some sanction would be imposed but not for the same length as had been imposed previously for the much different and more serious violation.

Further the district court never addressed or considered defense counsel's arguments that one, the drug program Mr. Sanchez was attending was now working, that two, for some it takes a little longer to sow the right path but that he was now back on track, and three, that since the time Mr. Sanchez began working, he was in compliance and hence the six month sentence was unwarranted. (J.A. 72, 75-76). Where the defendant or prosecutor presents "nonfrivolous reasons" for imposing a different sentence, "a district judge should address the

15

party's arguments and explain why he has rejected those arguments."
*United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal
quotation marks omitted).

Here the record is silent in response by the court. The district
court did not address a single one of the arguments and reasons put
forth urging a lower sentence of home confinement and or weekend
confinement only. The court's only words were that the defendant was
"back again," "taking into account his prior history of being in front of
me for other violations that a low end of that would not be appropriate."
(J.A. 76). The district court's very limited statements are plainly
insufficient to "allow for meaningful appellate review" or to "promote
the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50,
128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Hence the sentence imposed
was plainly unreasonable.

In not addressing the 3553(a) factors, nor the Chapter 7 policy
statement, the district court ran "afoul of clearly settled law," and hence
the sentence was plainly unreasonable. *United States v. Thompson*, 595
F.3d 544, 547 (4th Cir. 2010) (citation omitted). As noted above it is well
settled that such considerations must be made. *See Moulden*, supra. In
*Crudup*, the Court stated, without analysis or explanation, that a district

16

court is not permitted to impose a revocation sentence based upon these omitted considerations.  461 F.3d at 439.

The error was not harmless.  The district court did not articulate reasons sufficient to support the six month sentence imposed.  The record provides no "fair assurance" that the court would have given the same sentence if the record demonstrated that consideration had been made of the 3553(a) factors and policy statement. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010).  Had the court conducted the proper thoroughal inquiry it would have given a lower sentence.

## CONCLUSION

For the foregoing reasons Mr. Sanchez request this Court vacate his sentence and remand his case to the district court for re-sentencing. He also requests he be released immediately.

Respectfully submitted,

/s/ Elita C. Amato
Elita C. Amato
LAW OFFICE OF ELITA C. AMATO
1600 Wilson Boulevard, Suite 205
Arlington, Virginia  22209
(703) 522-5900

*Counsel for Appellant*

17

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*3,576*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Cambria*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>June 18, 2014</u>          <u>/s/ Elita C. Amato</u>
                                    *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of June, 2014, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Nicolas A. Mitchell
> OFFICE OF THE U.S. ATTORNEY
> 6500 Cherrywood Lane, Suite 200
> Greenbelt, Maryland  20770
> (301) 344-4124
>
> *Counsel for Appellee*

I further certify that on this 18th day of June, 2014, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Elita C. Amato
*Counsel for Appellant*